United States District Court
Southern District of Texas
**ENTERED**
April 18, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHIKA OKPOBIRI, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:25-CV-00320 |
| | § | |
| EXPERIAN INFORMATION SOLUTIONS, | § | |
| INC., EQUIFAX INFORMATION SERVICES | § | |
| LLC, TRANSUNION LLC, | § | |
| *Defendants*. | § | |

## MEMORANDUM AND RECOMMENDATION

Before the Court is Defendants Experian Information Solutions, Inc. ("Experian") and Equifax Information Services LLC's ("Equifax") Joint Motion to Dismiss.[1]  ECF 21.  Plaintiff Chika Okpobiri, proceeding pro se, did not respond to Defendants' Motion.  After considering the arguments, the pleadings, and the applicable law, for the reasons below, the Court RECOMMENDS that Defendants' Motion (ECF 21) be GRANTED.

### I.      Factual and Procedural Background.

Plaintiff Chika Okpobiri is a seasoned pro se litigant.  Since 2023, he has filed at least nineteen lawsuits against Experian, Equifax, and/or Transunion LLC in

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  ECF 13.

Texas state court or the Southern District of Texas.[2]  Pertinent to this case are two prior suits.

On May 2, 2023, Plaintiff filed a claim in the Harris County Justice of the Peace Court, Precinct 5, Place 1 ("State Court Suit"), against Experian, Equifax, and Transunion for Fair Credit Reporting Act ("FCRA") violations.  ECF 9-1.  In the State Court Suit, Plaintiff claimed that Defendants "neglected to investigate completely/accurately" and sought $20,000 in damages.  *Id.*  On April 15, 2024, Judge Israel Garcia dismissed the State Court Suit with prejudice and awarded attorney's fees to Defendants.  ECF 9-2.

---

[2] *See, e.g.*, *Okpobiri v. Equifax*, Case No. 202362261, in the 157th Judicial District Court, Harris County (dismissed July 1, 2024); *Okpobiri v. Equifax*, Case No. 202362270, in the 269th Judicial District Court, Harris County; *Okpobiri v. Equifax*, Case No. 202362284, in the 11th Judicial District court, Harris County (dismissed August 13, 2024); *Okpobiri v. Experian Information Solutions, Inc.*, Cause No. 4:23-cv-03512, in the Southern District of Texas, Houston Division; *Okpobiri v. Experian Information Solutions, Inc.*, Cause No. 4:23-cv-03715, in the Southern District of Texas, Houston Division; *Okpobiri v. Experian Information Solutions, Inc.*, Cause No. 4:23-cv-03671, in the Southern District of Texas, Houston Division; *Okpobiri v. Experian Information Solutions, Inc.*, Cause No. 4:23-cv-03676, in the Southern District of Texas, Houston Division; *Okpobiri v. Experian Information Solutions, Inc.*, Cause No. 4:23-cv-03723, in the Southern District of Texas, Houston Division; *Okpobiri v. Transunion*, No. 4:23-cv-03760, in the Southern District of Texas, Houston Division; *Okpobiri v. Transunion*, No. 4:23-cv-03763, in the Southern District of Texas, Houston Division; *Okpobiri v. Transunion*, No. 4:23-cv-03831, in the Southern District of Texas, Houston Division; *Okpobiri v. Transunion*, No. 4:23-cv-03832, in the Southern District of Texas, Houston Division; *Okpobiri v. Transunion*, No. 4:23-cv-03834, in the Southern District of Texas, Houston Division; *Okpobiri v. Transunion*, No. 4:23-cv-03902, in the Southern District of Texas, Houston Division; *Okpobiri v. Transunion*, No. 4:23-cv-03904, in the Southern District of Texas, Houston Division; *Okpobiri v. Transunion*, No. 4:23-cv-03907, in the Southern District of Texas, Houston Division; *Okpobiri v. Transunion et al.*, No. 4:23-cv-03766, in the Southern District of Texas, Houston Division; and *Okpobiri v. Experian Information Solutions Inc., et al*, No. 4:25-cv-00317, in the Southern District of Texas, Houston Division.

From August 23 to September 13, 2023, Plaintiff filed five suits against Experian in Texas small claims court. ECF 7-1 at 9–10. Each was removed to the United States District Court for the Southern District of Texas and then consolidated before Judge Alfred Bennett (the "Consolidated Action"). *Id.* at 10. In the Consolidated Action, Plaintiff alleged Experian "failed and neglected to ensure maximum accuracy through investigation efforts." *Id.* Judge Bennett, citing Judge Garcia's dismissal order, dismissed Plaintiff's claims with prejudice on *res judicata* grounds. *Id.* at 11.

On December 18, 2024, Plaintiff filed his Original Petition in the current suit in the 157th Judicial District Court of Harris County, Texas naming Experian Information Solutions, Inc., Equifax Information Services LLC, and Transunion LLC as defendants. ECF 1-2 at 6. Defendants removed the case to federal court invoking the Court's federal question jurisdiction.[3] Plaintiff's Original Petition alleges that Defendants "neglected to report and ensure maximum accuracy." *Id.* Plaintiff cites seven financial accounts he claims were affected: Texans Credit Union, Discover, Verizon ONE, two Department of Education accounts, and two Navy Federal Credit Union accounts. *Id.* On January 29, 2025, Experian filed a Motion to Dismiss. ECF 7. On February 3, 2025, Equifax filed a Motion to Dismiss. ECF 9. On February 10, 2025, Plaintiff filed a Motion to Amend his Original

---

[3] Plaintiff's claims arise under 15 U.S.C. § 1681, the Fair Credit Reporting Act. ECF 1-2 at 6.

Petition.  ECF 17.[4]  Plaintiff's Amended Petition alleges Defendants violated the

FCRA by:

> Failing to reasonably reinvestigate consumer disputes challenging the accuracy or completeness of information in consumer reports, including by failing to forward all relevant information to furnishers, failing to provide adequate or accurate notice to consumers of the outcome of their disputes [,] and failing to utilize reasonable procedures to ensure accuracy and completeness of information in consumers['] files."

ECF 17 at 1.  On February 21, 2025, Defendants filed a Joint Motion to Dismiss.

ECF 21.  Plaintiff did not file a response.

## II.    Legal Standards.

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir.

---

[4] There appears to be little substantive difference between the Original and Amended Petition.

2004)). However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

Generally, a court may consider only the allegations in the complaint and any attachments thereto in ruling on a Rule 12(b)(6) motion. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). If a motion to dismiss refers to matters outside the pleading it is more properly considered as a motion for summary judgment. FED. R. CIV. P. 12(d). "A district court may rely on evidence outside the complaint, without converting the Rule 12(b)(6) motion into a motion for summary judgment, if that evidence is either (a) a document attached to the Rule 12(b)(6) motion, referred to in the complaint, and central to the plaintiff's claim; or (b) a matter subject to judicial notice under Federal Rule of Evidence 201. *George v. SI Group, Incorporated*, 36 F.4th 611, 619 (5th Cir. 2022). Going beyond the pleadings is otherwise error. *Id.*

## III.    Analysis.

Defendants incorporate the arguments from their respective Motions to Dismiss (ECF 7, 9) into their Joint Motion to Dismiss (ECF 21). While Defendants' Motions (ECF 7, 9) were filed prior to Plaintiff's Amended Complaint, the Court will consider Defendants' Joint Motion, and the incorporated Motions, as being addressed to the Amended Complaint (ECF 17). *See Roundtree v. Dyson*, 892 F.3d 681, 683-84 (5th Cir. 2018) ("As explained in treatise, and reiterated by several

district courts in this circuit, 'defendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending.' Rather '[i]f some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading.'").

Additionally, Experian and Equifax attached Plaintiff's Smalls Claims Petition (ECF 7-1, ECF 9-1), the State Court Suit dismissal order (ECF 7-1; ECF 9-2), and Judge Bennett's Dismissal Order (ECF 7-1; ECF 9-3) to their respective Motions (ECF 7, 9). The Court takes judicial notice of Defendants' attachments. *See Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.").

Defendants move for 12(b)(6) dismissal on identical grounds—*res judicata*. ECF 21 at 3. In the alternative, Defendants argue that Plaintiff has failed to meet the 12(b)(6) plausibility pleading standard to support a claim. *Id.* As noted above, Plaintiff has not responded to Defendants' Motion. Pursuant to Local Rule 7.4, the Court will treat Defendants' Motion as unopposed.

### A. Plaintiff's claims against Experian and Equifax are barred by the doctrine of *res judicata*.

A claim is barred by *res judicata* when: (1) the parties in the prior and present suit are identical, or in privity; (2) a court of competent jurisdiction rendered the

6

prior judgment; (3) the prior judgment was final and on the merits; and (4) the plaintiff raises the same cause of action in both suits. *Proctor & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 (5th Cir. 2004).[5]  Here, all four elements of *res judicata* are satisfied.

### 1.  The State Court Suit, the Consolidated Action, and the current suit involve the same parties.

In the State Court suit, Plaintiff named both Experian and Equifax as defendants.  ECF 9-1.  Additionally, Plaintiff named Experian as a defendant in the Consolidated Action.  ECF 9-2.  In this case, Plaintiff again named Experian and Equifax as defendants.  ECF 17.  The first element of *res judicata* is satisfied.

### 2.  A court of competent jurisdiction rendered final judgments on the merits in the State Court Suit and the Consolidated Action.

In the State Court Suit, Judge Garcia issue a signed, written order, dismissing Plaintiff's case with prejudice.  ECF 9-2.  In Texas Justice of the Peace courts, "dismissed with prejudice" means that "a case has been dismissed and finally decided …"  TEX. R. CIV. P. 500.2(n).  In the Consolidated Action, Judge Bennett issued a signed, written order, dismissing Plaintiff's case with prejudice.  ECF 9-3.

---

[5] "Federal courts sitting in diversity apply the preclusion law of the forum state unless it is incompatible with federal interests." *Anderson v. Wells Fargo Bank, N.A.*, 953 F.3d 311, 314 (5th Cir. 2020).  Thus, Texas preclusion principles apply.  However, while "'articulated in a slightly different way' the Texas elements are substantively identical to the federal standard." *Crotts v. Freedom Mortg. Corp.*, No. 4:23-CV-04828, 2024 WL 3938926, at *5 (S.D. Tex. Aug. 6, 2024), report and recommendation adopted, No. 4:23-CV-04828, 2024 WL 3939585 (S.D. Tex. Aug. 26, 2024) (citing *Matter of 3 Star Props., L.L.C.*, 6 F.4th 595, 604–05 (5th Cir. 2021)).

"Generally, a federal court's dismissal with prejudice is a final judgment on the merits for *res judicata* purposes. *Crear v. JPMorgan Chase Bank, N.A.*, 491 F. Supp. 3d 207, 216 (N.D. Tex. 2020) (citing *Stevens v. Bank of Am., N.A.*, 587 F. App'x 130, 133 (5th Cir. 2014) (per curiam)). The State Court Suit and the Consolidated Action were adjudicated on the merits. The second and third elements of *res judicata* are met.

### 3. The State Court Suit, the Consolidated Action, and the current suit are based on the same nucleus of operative facts.

*Res judicata* considers claims that have been finally adjudicated or could or *should* have been raised in a prior suit. *See Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005) (emphasis added); *See also D-1 Enters., Inc. v. Commercial State Bank*, 864 F.2d 36, 38 (5th Cir. 1989) ("Essential to the application of the doctrine of *res judicata* is the principle that the previously unlitigated claim could or should have been brought in the earlier litigation."). The Fifth Circuit follows the transactional approach to the fourth prong of *res judicata*. *In re Paige*, 610 F.3d 865, 872 (5th Cir. 2010); *Southmark Properties v. Charles House Corp.*, 742 F.2d 862, 870-71 (5th Cir. 1984); *In re Intelogic Trace, Inc.*, 200 F.3d 382, 386 (5th Cir. 2000). Under the transactional test, "the preclusive effect of a prior judgment extends to all rights the original plaintiff had with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose." *In re Paige*, 610 F.3d at 872 (internal quotations omitted).

The issue for *res judicata* purposes is whether the two actions are based on "the same nucleus of operative facts, rather than the type of relief requested, substantive theories advanced, or types of rights asserted." *Id.* Whether the same nucleus of operative facts is present depends on "the factual predicate of the claims asserted." *Id.* (citing *In re Ark–La–Tex Timber Co.*, 482 F.3d 319, 330 (5th Cir. 2007)).

In the State Court Suit, Plaintiff alleged Defendants violated the FCRA when they neglected to investigate completely and accurately. ECF 9-1. In the Consolidated Action, Plaintiff alleged Experian violated the FCRA when it "failed and neglected to ensure maximum accuracy and thorough investigation efforts." ECF 7-1 at 9. In this case, Plaintiff alleges Defendants violated the FCRA when they "neglected to report and ensure maximum accuracy." ECF 1-2 at 6. While Plaintiff's Amended Complaint (ECF 17) somewhat elaborates on the allegations, the Amended Complaint is substantively the same as Plaintiff's Original Petition (ECF 9-1). In essence, Plaintiff once again seeks to hold Defendants accountable for the same alleged FCRA violations for failing to accurately investigate.

Plaintiff's claims against Experian in the current suit have twice been dismissed with prejudice. ECF 7-1 at 7, 9–11. Likewise, Plaintiff's claims against Equifax in the current suit were dismissed with prejudice in the State Court Suit. ECF 7-1 at 7. As discussed above, Plaintiff has transported his claims against Equifax from the State Court Suit into the current suit. Like Judge Bennett, the Court

9

finds that Plaintiff's claims in the State Court Suit and this current suit are the same—Equifax "failed to accurately investigate." *Id.* at 11. Defendants have satisfied the fourth element of *res judicata*.

## IV.    Conclusion and Recommendation.

For the reasons stated above, the Court RECOMMENDS that Defendant Experian Information Solutions, Inc. and Equifax Information Services, Inc.'s Joint Motion to Dismiss (ECF 21) be GRANTED.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on April 18, 2025, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge