Case 4:25-cv-00320   Document 64   Filed on 05/13/25 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
May 13, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHIKA OKPOBIRI, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:25-CV-00320 |
| | § | |
| EXPERIAN INFORMATION SOLUTIONS, | § | |
| INC., ET AL., | § | |
| *Defendants*. | § | |

## MEMORANDUM AND RECOMMENDATION

On December 18, 2024, Plaintiff, proceeding pro se, filed his Original Petition in the 157th Judicial District Court, Harris County, Texas, naming Experian Information Solutions, Inc. ("Experian"), Equifax Information Services, Inc. ("Equifax"), and Transunion LLC ("Transunion") as Defendants.[1] ECF 1-2. Equifax was served on January 6, 2025. ECF 1-2. Experian was served on January 3, 2025. ECF 1-4. With Experian's consent (ECF 1-4), Equifax removed the case to federal court on January 27, 2025 (ECF 1).

On April 18, 2025, the Court entered a Memorandum and Recommendation ("M&R") recommending to the district court that Plaintiff's claims against Equifax and Experian be dismissed pursuant to the doctrine of res judicata. ECF 40. Plaintiff

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 13.

filed objections to the Court's M&R. ECF 45. On May 1, 2025, United States District Judge Sim Lake adopted the Court's M&R and Plaintiff's claims against Equifax and Experian were dismissed with prejudice. ECF 52.

On April 21, 2025, while adoption of the Court's M&R was pending, the Court held an on the record Initial Conference via Zoom where Plaintiff appeared pro se. At the Initial Conference, the Court informed Plaintiff that the record did not demonstrate that he had served Transunion. ECF 42. The Court extended the deadline for Plaintiff to file proof of service with respect to Transunion to May 5, 2025. ECF 42. The Court entered an Order instructing Plaintiff that failure to serve Transunion by May 5, 2025, may result in the Court recommending to the District Court Judge that Plaintiff's case against Transunion be dismissed for lack of service. ECF 44.

The record does not include proof of service with respect to Transunion. Federal Rule of Civil Procedure 4(m) states:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m). More than ninety days have passed since Plaintiff filed his Original Petition. ECF 1. The Court has once already extended Plaintiff's deadline to serve Transunion and Plaintiff has not shown good cause for his failure to

2

complete service. By rule, the Court must recommend to the District Court Judge that Plaintiff's claims against Transunion be dismissed without prejudice for lack of service. *See* FED. R. CIV. P. 4(m).

For the reasons stated above, the Court RECOMMENDS that Plaintiff's claims against Transunion be DISMISSED without prejudice for lack of service.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on May 13, 2025, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge