UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHIKA OKPOBIRI, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:25-CV-00320 |
| | § | |
| EXPERIAN INFORMATION SOLUTIONS, | § | |
| INC., ET AL., | § | |
| *Defendants*. | § | |

## MEMORANDUM AND RECOMMENDATION

On May 1, 2025, the District Judge adopted the Magistrate Judge's Memorandum and Recommendations (ECF 40) and dismissed with prejudice Plaintiff's claims against two of three named Defendants in this case.[1] ECF 52. Plaintiff filed an interlocutory Notice of Appeal and a Motion for Leave to Appeal in Forma Pauperis. ECF 60; ECF 66. On June 11, 2025, the District Judge adopted the Magistrate Judge's Memorandum and Recommendation and dismissed Plaintiff's claims against the final Defendant without prejudice for lack of service. ECF 74; ECF 75. Plaintiff did not file a Notice of Appeal of the Final Judgment entered on June 11, 1025. After entry of Final Judgment, the Fifth Circuit assigned Appeal No. 25-2079 to Plaintiff's Notice of Appeal (ECF 60). The Court now

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 13.

recommends that Plaintiff's Motion to Appeal in Forma Pauperis (ECF 66) be DENIED.

Rule 24(a) of the Federal Rules of Appellate Procedure governs Plaintiff's Motion for Leave to Proceed In Forma Pauperis (IFP):

> (a) Leave to Proceed In Forma Pauperis.
> (1) Motion in the District Court. Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
> (B) claims an entitlement to redress; and
> (C) states the issues that the party intends to present on appeal.
> (2) Action on the Motion. If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise. If the district court denies the motion, it must state its reasons in writing.

Plaintiff's Affidavit indicates that she has zero income from any source and zero assets. ECF 66. However, theAffidavit wholly fails to claim an entitlement to redress and to state the issue she intends to present on appeal. In the section on the form Affidavit provided for her to state her issues on appeal she states only "inability to pay, unemployed, no money." This explains why she is seeking to appeal IFP, but it says nothing about the issues on appeal.

In addition, while Rule 24(a)(3) does not apply here because this case was removed from state court by Defendants who paid the filing fee (ECF 1) and Plaintiff

2

was not previously granted leave to proceed in forma pauperis, the Court finds that there are no good faith issues for appeal that would warrant IFP under that provision. Plaintiff did not respond to Defendants' Joint Motion to Dismiss and the Magistrate Judge issued a thorough, reasoned Memorandum recommending that Plaintiff's claims be dismissed with prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). ECF 40. The District Judge found no error in that analysis. ECF 52. Plaintiff fails to identify any error of fact or law in the district court's rulings. For these reasons, the Court RECOMMENDS that Plaintiff's Motion for Leave to Proceed In Forma Pauperis on Appeal (ECF 66) be DENIED.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on August 28, 2025, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge